# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4816-16T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

TERRANCE P. HOUSTON,

      Defendant-Appellant.

_____

      Submitted February 4, 2019 – Decided  February 26, 2019

      Before Judges Sumners and Mitterhoff.

      On appeal from Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 09-07-0757.

      Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

      Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Randolph E. Mershon III, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Terrance Houston appeals from the Law Division's order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

We briefly summarize the relevant facts. On July 31, 2009, a Mercer County grand jury returned an indictment charging defendant with: second-degree sexual assault, N.J.S.A. 2C:14-2(b) (count one); second-degree sexual assault, N.J.S.A. 2C:14-2(b) (count two); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count three). On June 24 2010, defendant, represented by counsel, pleaded guilty to one count of third-degree endangering the welfare of a child. The plea was part of a global plea agreement, in which defendant also pleaded guilty to one count of third-degree resisting arrest on a separate indictment (Indictment No. 09-07-0758) in exchange for the State dismissing the remaining charges on both indictments and dismissing two other indictments (Indictment Nos. 08-12-1117 and 09-03-0256) in their entirety. Additionally, the State agreed to recommend a concurrent, custodial sentence of five years and parole supervision for life ("PSL").

On November 12, 2010, the sentencing judge imposed a five-year term and applicable fines and penalties, in accordance with the plea agreement. On June 8, 2011, the sentencing judge issued an amended judgment of conviction

2

to reflect that defendant was sentenced to PSL, as called for by both the PSL statute[1] and the plea agreement.

On May 29, 2015, defendant filed a pro se petition for PCR. On December 15, 2016, PCR counsel filed a supplemental brief in support of defendant's PCR petition. On May 2, 2017, Judge Robert C. Billmeier heard oral argument on defendant's PCR petition and rendered an oral decision denying PCR without an evidentiary hearing.

On appeal of the denial of PCR, defendant raises the following points for our review:

> POINT I
> DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF PLEA COUNSEL BECAUSE HE WAS COERCED INTO ACCEPTING A GLOBAL PLEA OFFER.
>
> POINT II
> THE PCR COURT ERRED WHEN IT FOUND DEFENDANT'S AMENDED SENTENCE WHICH IMPOSED PAROLE SUPERVISION FOR LIFE WAS LEGAL.
>
> POINT III
> AS THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED.

---

[1] N.J.S.A. 2C:43-6.49(a).

3

Having considered the record in light of the applicable legal principles, we affirm for substantially the reasons expressed in Judge Billmeier's well-reasoned oral opinion. We add only the following comments.

In cases where the PCR court does not conduct an evidentiary hearing, we review the PCR judge's determinations de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). A PCR petitioner faces the burden to establish the grounds for relief by a preponderance of the credible evidence. State v. Goodwin, 173 N.J. 583, 593 (2002).

To establish an ineffective-assistance-of-counsel claim, a convicted defendant must demonstrate: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). To challenge a guilty plea based on the ineffective assistance of counsel, a defendant must demonstrate "that there is reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). A defendant must also show that "a decision to reject the plea bargain would have been rational under

the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010); see also State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

Turning to defendant's first point, we find that defendant presents insufficient evidence to support a prima facie claim that his plea counsel was constitutionally ineffective and coerced him to plead guilty. As noted by the PCR judge, defendant's certification offers "no details as to the nature of how [plea counsel] coerced him . . . to enter into this global plea. And, in this certification it does not indicate that [defendant] would have rejected the State's global plea and demanded to proceed to trial had counsel not forced him to plead guilty." Additionally, defendant represented to the court that he was not being forced or threatened to enter into the plea. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). For these reasons, we agree with the PCR judge that defendant's claim that he was coerced by his counsel into pleading guilty lacks support in the record.

We also reject defendant's contention that the sentencing court erred by issuing an amended judgment of conviction to reflect that defendant was sentenced to PSL. Pursuant to Rule 3:21-10(b)(5), "[a] motion may be filed and an order may be entered at any time . . . correcting a sentence not authorized by

law including the Code of Criminal Justice."  In interpreting Rule 3:21-10(b)(5);

the Supreme Court noted that a court's ability to correct an illegal sentence "is

not unlimited."  State v. Schubert, 212 N.J. 295, 309 (2012).  A court may not

"authorize an enlargement of the punishment after the sentence imposed had

been satisfied and the defendant discharged."  Ibid. (quoting State v. Laird, 25

N.J. 298, 307 (1957)).  Nonetheless, "[a]n illegal sentence that has not been

completely served may be corrected at any time without impinging upon double-

jeopardy principles."  Ibid. (quoting State v. Austin, 335 N.J. Super. 486, 494

(App. Div. 2000)).

In this case, the PSL statute requires that a defendant convicted of

endangering the welfare of a child be sentenced to PSL.[2] N.J.S.A. 2C:43-6.4(a).

Therefore, without PSL, defendant's sentence was illegal.  See Schubert, 212

N.J. at 308-09.  The sentencing court issued the amended judgment of conviction

to reflect that defendant was sentenced to PSL on June 8, 2011, but defendant

was not released from prison on parole until January 11, 2013.  Thus, the

sentencing court correctly issued an amended judgment of conviction to correct

defendant's illegal sentence prior to defendant's completion of his custodial

---

[2]  Additionally, at the plea hearing, defendant represented to the court that he knew that he faced PSL as a component of his sentence and that he had reviewed the official plea forms, which detailed PSL.

sentence. Cf. id. at 311-313 (holding that trial court improperly amended judgment of conviction to add a sentence to community supervision for life where defendant had completed his probationary sentence more than four years before the court amended the judgment of conviction).

For these reasons, the PCR judge appropriately exercised his discretion in denying an evidentiary hearing, as defendant failed to establish a prima facie basis for relief. See State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing."). The remaining issues raised by defendant lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4816-16T4